IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RYAN SISSOM,<br>*Plaintiff*, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | Cause No. 1:17-cv-00631 |
| UNIVERSITY OF TEXAS HIGH SCHOOL, UNIVERSITY OF TEXAS, BETH COOPER, STEVE ROSEN, and STEVE WALLS.<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§ | |

---

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ADDENDUM TO ORIGINAL PETITION

---

TO THE HONORABLE U.S. DISTRICT COURT JUDGE:

Defendants, The University of Texas High School (UTHS); The University of Texas at Austin (UT Austin); Beth Cooper, Principal of The University of Texas High School (Cooper); Steve Rosen, Attorney for The University of Texas at Austin (Rosen); and Steve Walls, Superintendant of The University of Texas High School (Walls) (collectively, Defendants), file their Motion to Dismiss Plaintiff's Addendum to Original Petition. In support thereof, Defendants would respectfully show the Court the following:

### I.  INTRODUCTION

On August 2, 2017, this Court granted Defendants' motion to dismiss, and provided Plaintiff with 20 days to cure the deficiencies in his pleading. Therafter,

Plaintiff Ryan Sissom (Plaintiff or Sissom) filed his "Addendum to Original Petition in Response to Order of [Judge] . . . Sparks." Docket no. 11. As explained herein, Plaintiff's addendum, to the extent it can be construed as an amended complaint, fails to cure the deficiencies in Plaintiff's original complaint and should be dismissed for failure to state a claim.

## II. STANDARDS OF REVIEW

### A. FED. R. CIV. P. 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "[T]here is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted). An action may be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) on any of three separate grounds: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *Voluntary Purchasing Groups, Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989).

### B. FED. R. CIV. P. 12(b)(6)

In analyzing a claim under Federal Rule of Civil Procedure 12(b)(6), the Court

accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible on its face when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, [f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina*, 495 F.3d at 205 (quoting *Twombly*, 544 U.S. at 555). It is insufficient, then, to plead facts that are merely consistent with wrongful conduct; plaintiffs must instead plead facts that plausibly suggest that the pleader is actually entitled to relief. *Twombly*, 550 U.S. at 556-57 (the pleading must contain something more than a state of facts that merely creates a suspicion of a legally cognizable right of action on the assumption that all the allegations in the complaint are true).

### III.   ARGUMENT & AUTHORITIES

**A.   Sissom's Addendum Should be Dismissed for Lack of Subject Matter Jurisdiction**

The Court should dismiss Plaintiff's Addendum because Plaintiff cannot establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "It is incumbent on all

federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman*, 138 F.3d at 151.

Plaintiff's Addendum does not specify whether Plaintiff is suing Defendants Cooper, Rosen, and Walls in their official capacities or individual capacities. Indeed, Plaintiff's Addendum does not specifically identify or address any of the named defendants. *See generally* docket no. 11. However, whether the claims against all individually-named Defendants are in their official or individual capacity, the claims must be dismissed because Defendants are entitled to immunity.

The Eleventh Amendment bars a citizen from suing a state in federal court unless the state consents. U.S. CONST. amend. XI; *Seminole Tribe v. Florida*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122 (1996). If a defendant is protected by sovereign immunity, federal courts lack subject matter jurisdiction over the suit. *Warnoch v. Pecos*, 88 F3.d 341, 343 (5th Cir. 1996). "Federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it." *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014).

An official capacity suit is to be treated as a suit against the entity. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). It is undisputed that UTHS and UT Austin are state agencies. The University of Texas System (UT System) is a system of higher education, with 14 academic and health institutions throughout the state. *See* Tex. Educ. Code § 65.01 *et seq*. UT Austin operates as an institution within UT System. See Tex. Educ. Code § 67.01 *et seq*. Pursuant to Texas Education Code § 11.351, the Texas State Board of Education established and approved UTHS as a special purpose school district. *See* State Board of Education, November 13, 1998, Minutes at 23. As employees of state agencies, Defendants Cooper, Rosen, and Walls, to the extent they are sued in their official capacity ("the official capacity defendants"), have immunity under the Eleventh Amendment as a matter of law. *See Cory v. White*, 457 U.S. 85, 89, 102 S.Ct. 2325, 72 L.Ed.2d 694 (1982); *Gil Ramirez Group, LLC v. Houston Indep. Sch. Dist.*, 786 F.3d 400, 412 (5th Cir. 2015) (holding a municipal entity is not a proper RICO defendant because municipal entitites enjoy "immunity from punitive damages, and whatever else it is, RICO's treble-damages provision is at least partially punitive"); *Vogt v. Board of Comm'rs, Orleans Levee Dist.,* 294 F.3d 684, 688 (5th Cir. 2002); *Martinez v. Tex. Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).

Plaintiff cannot rely on the exception announced in *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908) to overcome UTHS and UT Austin's Eleventh Amendment immunity. "To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official

capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect." *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Plaintiff does not fall within the exception.

Plaintiff's Addendum clearly states he is seeking "just compensation" and "an award of damages." Docket no. 11 at 8. Plaintiff's Addendum further identifies only past conduct, including actions alleged to have occurred in his sophomore year. *Id.* at 3. Actions that seek to impose liability for past conduct and recover damages are not permissible under the *Ex Parte Young* exception. *Edelman v. Jordan*, 415 U.S. 651, 653 (1974) ("Thus the rule has evolved that a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Because Plaintiff's Addendum clearly states he is seeking monetary damages for past conduct, his claims against Defendants Cooper, Rosen, and Walls are barred by Eleventh Amendment immunity. Accordingly, this Court lacks jurisdiction over Plaintiff's allegations against the official capacity defendants, and Plaintiff's Addendum must be dismissed pursuant to FED. R. CIV. P. 12(b)(1).

### B.   Sissom's Addendum Should Be Dismissed for Failure to State a Claim

Plaintiff's Addendum fails to assert any cause of action. *See generally* docket no. 11. Dismissal is proper where a plaintiff's complaint lacks an allegation regarding a required element necessary to obtain relief. *See Escuadra v. GeoVera Specialty Ins. Co.*, 739 F.Supp.2d 967, 977 (E.D. Tex. 2010) (*citing Torch Liquidating Trust v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009)). To the extent Plaintiff's Addendum can

be read to assert any claim for relief, Plaintiff asserts that "defendants," without specification, have engaged in a "deliberate conspiracy." Docket no. 11 at 9.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at, 678-79. In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Twombly*, 550 U.S. 572. Plaintiff's Addendum asserts a number of factual allegations and legal conclusions. *See generally* docket no. 11. While the factual allegations must be accepted as true for the purposes of Defendants' motion to dismiss for failure to state a claim, conclusory assertions and unwarranted factual inferences are not entitled to the same deference. *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Plaintiff's Addendum fails to specify whether he is again asserting a RICO conspiracy, or whether his allegation of a deliberate conspiracy is to be construed as a claim of civil conspiracy under Texas law. Further, Plaintiff's Addendum is devoid of any well-pleaded facts that would support a reasonable inference that Defendants acted unlawfully. The mere recital that the "defendants, who acted so egregiously in this matter that [Sissom] claim[s] it coud have occurred only as a deliberate conspiracy" does not plausibly support a claim for relief. Docket no. 11 at 9; *Twombly*, 550 U.S. at 556-57 (It is insufficient to plead facts that are merely consistent with wrongful conduct, plaintiffs must instead plead facts that plausibly suggest that the pleader is actually entitled to relief). Plaintiff has alleged no specific facts showing any defendant had any personal involvement in any of the matters about which

Plaintiff complains in this lawsuit. Plaintiff has wholly failed to plead facts sufficient for this Court to reasonably infer that Defendants acted unlawfully. Accordingly, Plaintiff's Addendum should be dismissed for failure to state a claim for relief.

## IV. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendants pray that this Court grant Defendants' Motion to Dismiss Plaintiff's Addendum and dismiss the above-styled and numbered cause in its entirety.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Defense Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

*/s/ Natalee B. Marion*
**NATALEE B. MARION**
Texas Bar No. 24075362
Assistant Attorney General
Texas Attorney General's Office
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX
Natalee.marion@oag.texas.gov

*ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on **August 31, 2017**, and that the person identified below was served by certified mail, return receipt requested:

Ryan Sissom
106 Eight Oaks Drive
Bastrop, Texas 78602

PRO SE PLAINTIFF

                                                  */s/ Natalee B Marion*
                                                  **NATALEE B. MARION**
                                                  Assistant Attorney General